Shane Colton
Hanna Walter
COLTON HOLM
310 Grand Avenue
Billings, MT 59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
scolton@yellowstonelaw.com
hanna@yellowstonelaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LINDA ENGEBRETSON, KAARE ENGEBRETSON, CRAIG ENGEBRETSON and ENGEBRETSON BROTHERS,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHWESTERN CORPORATION d/b/a NORTHWESTERN ENERGY,<br><br>Defendant. | Case No CV-24-66-GF-JTJ.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs, LINDA ENGEBRETSON, KAARE

ENGEBRETSON, CRAIG ENGEBRETSON AND ENGEBRETSON

BROTHERS("Plaintiffs"), by and through their counsel, and for their Complaint

against Defendant, NORTHWESTERN CORPORATION ("Defendant"), state and

allege as follows:

## PARTIES

1. Plaintiff LINDA ENGEBRETSON is a resident of Havre, Hill County, Montana.

2. Plaintiff KAARE ENGEBRETSON is a resident of Havre, Hill, County, Montana.

3. Plaintiff CRAIG ENGEBRETSON is a resident of Conrad, Pondera County, Montana.

4. Plaintiff ENGEBRETSON BROTHERS is a business entity operated by Plaintiffs Linda Engebretson, Kaare Engebretson and Craig Engebretson with hits primary operation in Conrad, Pondera County Montana.

5. Defendant NORTHWESTERN CORPORATION is a foreign for-profit corporation incorporated in Delaware. Defendant's principal place of business is located in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

6. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds seventy-five thousand dollars ($75,000), excluding interest and costs. Plaintiffs are citizens of Montana. Defendant is a corporation that was formed under the laws of Delaware with its principal place of business in South Dakota and is authorized to do business in Montana.

7. Venue for this action is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because the relevant acts, decisions, and events giving rise to this claim occurred in Denton, Fergus County, Montana.

## FACTS COMMON TO ALL COUNTS

8. On or about September 7, 2022, a fire originated in a tree on the highway near 1438 Highway 91 where power lines had been pushed into it by high winds. The drop down from the tree in turn started the fire in the grass that then spread due to the high winds and traveled approximately 8 miles to the east ending at a farm located at 623 Prospector Road where all the structures, vehicles and farm equipment were either destroyed or damaged.

9. The Fire was investigated by the Fire Prevention and Investigation section of the Montana Department of Justice. As a result of their investigation, it was determined that the cause of the fire was from the power lines located in the area of origin. The energy from the power line charred the upper limbs and trunk of the tree that in turn dropped down and started the ground cover around the tree creating a grass fire. The source which caused the grass and vegetation to ignite was a section of overhead powerline owned, maintained, and operated by Defendant.

10. Defendant is a privately-owned public utility, which enjoys a state-protected monopoly and is a leading supplier of electricity to over two-thirds (2/3) of Western Montana.

11. Electrical infrastructure is inherently dangerous and hazardous, and Defendant knows this. The transmission and distribution of electricity demands that Defendant exercise an increased level of care in line with the increased risk of dangers created by electrical infrastructure.

12. At all times relevant, Defendant had and continues to have a non-transferable duty to properly construct, inspect, repair, maintain, and operate its electrical infrastructure in a manner that prevents failure even in extreme weather conditions and at times of sustained drought.

13. Plaintiffs grew up in the Conrad area. The family has lived, ranched, and farmed in the area for generations. The DeVries and Engebretson families chose to make Conrad their home and the tight- knit community a place to raise their children.

14. Plaintiffs' real and personal property was completely destroyed in the fire.  Namely Plaintiffs lost valuable structures, vehicles, farm equipment, hay crops, grass and infrastructure.

15. Following the fire, Plaintiffs, have worked diligently to mitigate the losses caused from the fire and have suffered financial loss, hardship, stress, extra work and interruption in the daily lives and business operations of the Plaintiffs.

16. The fire, which was started because of Defendant's negligence, in failing to properly inspect, maintain and update its electricity transmitting infrastructure, this negligence caused severe harms and losses to the Plaintiffs.

## COUNT I – Negligence

17. Plaintiffs incorporates paragraphs 1-16 as if fully set forth herein.

18. Defendant owed multiple duties of care to the owners and lessees of real property in Pondera County in maintaining its electrical infrastructure in such a way to ensure its safe operation, including by adequately designing, constructing, monitoring, maintaining, operating, repairing, replacing, and/or improving its power lines, poles, transformers, conductors, insulators, reclosers, and/or other electrical equipment. This duty included inspecting and managing its power lines and/or other electrical equipment given the foreseeable risk of fire if charged power lines came in contact with flammable materials such as dry vegetation.

19. Defendant knew or should have known that strong winds were common in this area and that the temperatures had long been unseasonably warm and drought conditions were at an all-time high creating an increased risk for fires.

20. Even though Defendant knew that its infrastructure was vulnerable to weather and environmental conditions, it breached its above-referenced duties and failed to properly inspect, maintain, and update its transmission infrastructure and further failed to take preventative measures, especially in the face of known high-risk weather conditions such as drought and high winds.

21. Defendant had a duty to utilize best industry practices and products to prevent transmission lines from coming in contact with flammable materials, Defendant's breach of this duty led to the fire that destroyed Plaintiffs' home.

22. Defendant's breach directly and proximately caused damage to Plaintiffs' personal and real property.

23. Defendant's breach directly and proximately caused harm by interfering with the Plaintiffs' right to quiet and peaceful enjoyment of their property and completely and severely altered the Plaintiffs routine of daily living and completely altered the Plaintiffs established course of life and business operations.

24. Defendant's breach directly and proximately caused serious harm to Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court enter judgment against Defendant sufficient to fully compensate them for all damages and losses allowed under

Montana law in an amount to be determined by the jury at the trial of this cause, for costs of suit, and for such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

DATED this 2nd day of August, 2024.

By: /s/ Shane Colton
Shane Colton
Hanna Walter
COLTON HOLM

Attorneys for Plaintiff